```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
UNITED STATES OF AMERICA,                :
                                         :
                -v-                      :         11cr184 (DLC)
                                         :
GREGORY PLASKETT,                        :
                                         :         MEMORANDUM OPINION
                         Defendant.      :            AND ORDER
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

Gregory Plaskett has requested compassionate release under Title 18, United States Code, Section 3582(c)(1)(A). His request is denied.

On March 8, 2012, Gregory Plaskett pled guilty to one count of conspiracy to distribute and possess with intent to distribute crack in violation of 21 U.S.C. § 846; and one count of using, carrying, and possessing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(j). Plaskett was sentenced to 360 months in prison. Plaskett is forty-eight years old and he is scheduled for release on October 19, 2036. He is currently incarcerated at the Federal Correctional Institute, Otisville.

Plaskett filed the present motion for compassionate release on November 17, 2021. The Government was ordered to provide the Court with Plaskett's medical records, which were filed under

seal with the Government's opposition on January 7, 2022. The motion became fully submitted on January 21.

Because Plaskett has exhausted his administrative remedies by making a request for compassionate release from his warden, his sentence may be reduced if there are "extraordinary and compelling reasons" warranting a reduced sentence. 18 U.S.C. § 3582(c)(1)(A)(i). District courts may "independently . . . determin[e] what reasons . . . are extraordinary and compelling" for the purpose of the compassionate release determination. United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020) (citation omitted). If a court concludes that the petitioner has presented "extraordinary and compelling reasons" for compassionate release, it must also weigh the 18 U.S.C. § 3553(a) sentencing factors before awarding compassionate release. Even if the court concludes that the petitioner has not presented the requisite extraordinary and compelling reason for compassionate release, the Second Circuit has recommended that the court should also assess if the § 3553(a) sentencing factors weigh in favor of granting compassionate release. United States v. Jones, 17 F.4th 371, 374-75 (2d Cir. 2021).

Plaskett is not entitled to compassionate release because he has not presented an extraordinary and compelling circumstance for release. He cites as an extraordinary and compelling circumstance the heightened risk that he faces from

COVID-19 as a result of his medical condition, as well as lingering effects from an injury he suffered while in prison. Medical records received in connection with this motion, however, indicate that Plaskett's condition is mild, and capable of being managed effectively in prison.  Moreover, the Bureau of Prisons has also made COVID-19 vaccinations available to inmates and staff, further reducing any risk related to COVID-19.  See COVID-19 Vaccine Implementation, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited January 25, 2022).  The risk of incarceration during the COVID-19 pandemic is now less likely as a general matter to qualify as an extraordinary and compelling circumstance, and does not for Plaskett.

   Plaskett also argues that his mother's age and poor health warrant compassionate release.  While it is unfortunate that Plaskett's mother requires assistance, these circumstances are not so extraordinary and compelling as to justify a reduction in sentence.  Plaskett points as well to his efforts at rehabilitation while in prison.  Rehabilitation alone is not an extraordinary and compelling reason to reduce a sentence. Brooker, 967 F.3d at 238 (quoting 28 U.S.C. § 994(t)).  Plaskett has therefore failed to show that extraordinary and compelling circumstances justify his release.

Even if Plaskett had presented an extraordinary and compelling circumstance for compassionate release, the § 3553(a) sentencing factors would weigh against it. Plaskett was convicted of distributing crack cocaine and using a firearm during the murder a competing drug dealer. Important during sentencing was Plaskett's history of drug-related criminal activity, and the inherent risk of violence such behavior carried. Despite the seriousness of Plaskett's conduct, the Court imposed a sentence at the bottom of the guidelines range for the lesser offenses to which Plaskett pled guilty. No further reduction in sentence is warranted. Accordingly, it is hereby

ORDERED that Plaskett's motion for compassionate release is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mail Plaskett a copy of this Order and note mailing on the docket.

Dated:   New York, New York
         January 28, 2022

*[signature]*
DENISE COTE
United States District Judge