UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>-v-<br>GREGORY PLASKETT,<br>Defendant. | 11cr184-02 (DLC)<br><br>MEMORANDUM OPINION AND ORDER |

DENISE COTE, District Judge:

Following a plea of guilty to drug and firearms charges, Gregory Plaskett was sentenced on March 8, 2012 principally to 360 months' imprisonment. He is scheduled to be released on November 5, 2035. On August 20, 2026, Plaskett moved for a reduction in sentence pursuant to certain amendments to the Sentencing Guidelines. For the following reasons, the motion to reduce the sentence is denied.

## Background

Plaskett conspired with others to sell crack cocaine in the Bronx from 2000 until late 2010. In May of 2010, Plaskett and one of his associates murdered a rival drug dealer by gunning him down. Plaskett was arrested in 2011 and on March 8, 2012, pleaded guilty pursuant to a plea agreement to a lesser-included offense of the Count One drug conspiracy charge in a superseding indictment. That lesser-included offense carried a mandatory minimum sentence of five years. 21 U.S.C. §§ 846, 841(b)(1)(B).

Plaskett also pleaded guilty to Count Eight of that indictment, which charged him with using a firearm in relation to the murder, in violation of 18 U.S.C. § 924(j).

At the March 8, 2012 sentencing, the Court found that the offense level was 40 and the criminal history category was V. The Guidelines' range was thus 360 months' imprisonment to life.

As described in the Presentence Report ("PSR"), Plaskett had multiple convictions from 1994 to 2010. These convictions resulted in a calculation of ten criminal history points. Applying § 4A1.1(c) of the Guidelines, however, the PSR explained that there were only eight points that could be properly attributed to the prior convictions. The PSR added two additional points because Plaskett was on probation until July 28, 2002 due to his February 6, 1996 conviction, and thus still on probation at the time of the offense. Plaskett's current motion argues that the addition of those two points was an error since that probationary period had ended in 1997. Plaskett did not make that argument at the time of his sentence.

The Court sentenced Plaskett to 360 months' imprisonment, which was the bottom of the Guidelines range. Plaskett did not appeal.

Plaskett moved for compassionate release in 2021 and again in 2025. Both of those motions were denied. Plaskett did not appeal from those decisions.

On August 20, 2026, Plaskett moved pro se for a reduction in his sentence pursuant to § 404 of the First Step Act and Amendments 782, 788, 821 and 825 to the Guidelines. This Opinion addresses that motion.

In response to Plaskett's filing, the Probation Department prepared a September 9, 2026 Supplemental PSR, to address whether certain 2023 retroactive Guidelines' amendments rendered Plasket eligible for a reduction in his sentence. That report concluded that he was not eligible for a reduction in sentence because of § 4A1.1(e) "status" points or as a zero-point offender under § 4C1.1. Its analysis of status points is relevant to Plaskett's pending motion.

The Supplemental PSR acknowledged that Plaskett had received an enhancement for committing the instant offense while under a criminal justice sentence. Accordingly, it recalculated his criminal history score. It noted that Plaskett's criminal history record prior to the enhancement for committing the offense under a criminal justice sentence was eight. It added 1 criminal history point (not 2) pursuant to § 4A1.1(e) because Plaskett had seven or more criminal history points, resulting in total criminal history points of nine (not ten) and an amended criminal history category of IV (not V). Because this change in the criminal history category did not alter the sentencing guidelines range (which remained 360 months to life), and

because Plaskett had been sentenced at the bottom of the range, the Supplemental Report concluded that Plaskett is precluded from receiving a sentence reduction due to the amendments it considered.

## Discussion

In his motion, Plaskett seeks a reduction in sentence because of an error in the PSR regarding his probationary status and because amendments to the Guidelines concerning crack cocaine alter his offense level and therefore his sentencing guidelines range. These issues are addressed in turn.

1. Error in PSR Regarding Probationary Status

Plaskett asserts that his PSR erroneously added two criminal history points to its calculation of his criminal history category. He contends that his 18-month term of probation, imposed on his February 6, 1996 conviction, ended on August 6, 1997 and not on July 28, 2002 as reported in the PSR. Plaskett has not previously raised this purported error. It is unnecessary to explore whether any argument regarding this error has been forfeited since the error did not affect the calculation of the sentencing guidelines range.

Plaskett does not dispute that he has eight criminal history points. Seven through nine points place a defendant in criminal history category IV. The sentencing guidelines range for an Offense level of 40 and criminal history category of IV

is 360 months to life. This is the same range on which the Court relied in imposing sentence. Plaskett's first ground for seeking a reduction in his sentence therefore fails.

2. Offense Level

Plaskett also contends that amendments to the Guidelines regarding crack cocaine entitle him to a reduction in his sentence. According to Plaskett, his offense level of 40 should be reduced to 38 because of Amendment 782/788. Plaskett's analysis fails.

The PSR determined that Plaskett's base offense level on Count Eight (the firearms charge) was 43. Because the offense was use of a firearm to commit murder, the first-degree murder guideline found in §2A1.1 applied. With a three-level adjustment for his acceptance of responsibility, the total offense level became 40. Thus, the base offense level for the distribution of crack cocaine had no effect on the calculation of the total offense level, and thus no effect on the sentencing guidelines range.

**Conclusion**

Gregory Plaskett's August 20, 2026 motion for a reduction in sentence is denied. The defendant having not made a substantial showing of a denial of a federal right, a certificate of appealability shall not be granted. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013). Pursuant to 28 U.S.C.

§ 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962).

Dated: New York, New York
November 10, 2026

DENISE COTE
United States District Judge